HOOD, Judge Pro Tern.,
concurring.
I concur in the reversal of the judgment of the trial court.
However, I would not reduce the amount of child support below the level of $800.00 per month.
In the judgment of divorce, January 11, 1982, the father was ordered to pay $400.00 *1156 per month to the mother for the support of the child. On June 29, 1983, this judgment was amended, increasing the child support to $800.00 per month. Trial of these rules was held September 10, 1984.
Civil Code Article 231 states that alimony shall be granted in proportion of the “wants” of the person requiring it, and the “circumstances” of those who are to pay it.
Under Civil Code Article 232 and the jurisprudence, a reduction is in order if there is a substantial change in the circumstances of either parent warranting a reduction by the one who pays, or if a reduction is warranted by a decrease in the needs of the child.
First, considering the issue of the change in the circumstances of the father, I do not know what his net worth was on- June 29, 1983. But whatever his ability to pay was then, and assuming a decrease, I cannot accept the proposition that a decrease in net worth to 2½ million dollars justifies serious consideration of this as reflecting a deterioration in his ability to pay $800.00 per month.
As for the circumstances of the mother, granted, there was a favorable change, but not to the extent of the emphasis placed thereon by the trial judge and the majority opinion. The annual income of her and her present husband of $48,000.00 per year pales in comparison with the financial situation of the father. Furthermore, her remarriage, which presumably enhanced her financial situation, occurred prior to the date of the judgment fixing child support at $800.00 per month.
The increase in the needs of the child must also be considered. The unrebutted evidence reveals that the child’s monthly financial expenses have increased to $1,478.00 from the presumed financial needs on the date of the previous judgment of $800.00. Not only was the itemization of the child’s expenses unrebutted, but neither was the mother cross-examined on her itemization, nor was argument made in the trial court or this court questioning the purported needs. The trial judge made no mention of the needs of the child and, consequently, made no finding thereof.
While the increased needs of the child is an independent factor to be considered, it is also appropriate to consider it as an offset to the increased ability of the custodial mother to help support the child.
The effect of the reduction to only $200.00 per month places the entire financial responsibility of supporting the child, less $200.00 per month, on the mother. In addition thereto she carries the burden, for which she is entitled to a credit, of the day to day care of the child. In my opinion, this is extremely inequitable.
It is apparent from the majority opinion that this inequity is considered offset by the fact that the father has the custody of and supports the other minor child. In my respectful opinion, this fact is irrelevant. This is not a proceeding to make an initial fixing of child support, but is one for child support modification, based upon changes in circumstances since the previous decree. The father had been granted custody of his minor son in the divorce decree and has had the financial responsibility of supporting him ever since. The fact of his supporting his son now does not represent a change since the previous decree.